Health and Human Services Jul 21, 2011 This is the first of several months in Hessler v. Novartis. With the indulgence of the Court, I'd like to reserve four minutes for rebuttal. Your Honors, you've said it correctly when you just said that ERISA is a complicated statute in the Giacomo case a while back. You see that in this case, it involves a lot of numbers, it involves actuarial issues, and those are difficult for us. We had hoped that the IRS would sort them out for us, but unfortunately they told Senator Specter's office that they didn't have time for that. And then they issued a one-sentence denial. No, they gave the other side a letter, right? Excuse me? Yes, they gave the other side a letter, yes. What deference should we, if any, what deference should we afford that letter? None, Your Honor, because it has no reasoning, and legally it's inconsistent with both published regulations and the Presidential Revenue Ruling 78-252. Let me ask you just then, if you can lead me through, how can you say there is a cessation of accrual between year 20, say somebody starts at age 25, so after 20 years he's 45, between year 20 and the special early retirement date, which in this case would be 57? The numerator in that accrual formula fraction continually increases, does it not? Your Honor, if I can take it apart into two pieces, let me jump forward here. The practical problem is in the Layer 2 benefit. If we take that standing alone, it's clear that it ceases accruals, there's no benefit. You say that standing alone, you mean Layer 2 or Layer 1? Layer 2 is the one that kicks in at age 57 and 20 years. It's not a simple multiplier. You said take that standing alone, but I'm not sure what that refers to. To the Layer 2 benefit at age 57. That clearly ceases accruals after age 20 and goes to 57. Now to step back more directly to your question, Your Honor, the practical problem is that this is not a fractional method plan. If you take the two pieces... Did you make that argument in the district court that it wasn't a fractional method plan? Yes. Okay, you didn't limit your argument to whether or not it failed all three of the tests? Yes. That's for backloading, right? Yes, the three tests are for backloading. But here, I thought your first argument was that there was a violation of 1054 for... You said that there was 1054B1H2, in which you say there was a cessation. The plan was illegal because it ceased benefit accrual. And then you say the reason is age. But where is there ever a ceasing of accrual, in my example, for a person who starts at 25? Between age 45 and 57, when you can have the special early retirement date, where is there a ceasing of accrual? There's only a ceasing of accrual, Your Honor, if you take the Level 2 apart. The problem is the basic plan benefit won't satisfy it either. The problem with the structure of the plan, as it is, is it doesn't satisfy any of the rules. Well, what is that question? How would that work? Take those numbers, plug it into your argument, and show how that would work, how that would result in a cessation. With the indulgence, if you can give me three minutes, Your Honor, let me get through the backloading issue, and then what I'd like to show you is that the two pieces together don't work, and that neither part separately works. We have the two pieces. The first one is the Layer 2 benefit, the simple one, the multiplier benefit. You get $45.80 for each year up to 20 years, then you get nothing until you turn 57. Will you not remind me again? Where are you getting that, that you get nothing until you turn 57? Because the definition of excess years gives you nothing additional after 20 years until you reach early retirement age. Isn't there still a fraction that's operating on that? Not once you hit age 57. They're brief. The quotes we put on pages 6 and 7, I believe, of our reply brief say the proration stops at age 57. I know you say that, but I'm trying to figure out where you're getting it from. They say the proration stops at age 57. If the proration stops at age 57, then it's not a fractional method. If the proration only applies under age 57, it's not a fractional method. And if it does stop then, then it goes back to our final argument, which is that age 57 has to be the normal retirement amount. Isn't there also a step 3? If the participant has not reached the special early retirement age, and that's, I guess, my example, you take the sum of 1 and 2 and multiply it by the following fraction, the years of actual service over the years of projected service until 65. Yes, Your Honor, but that's actually a separate formula. The first one is a straight multiplier. If you have 20 years, you get 20 times 45, 80. The one that applies below 57 is you project his benefit under that multiplier formula up to 65, then you apply that fraction. Standing alone, that might look like it's satisfied the rules, but it stops at age 57. It bumps up. It goes up 15%. It cannot mathematically stop at age 57 and go up 15% in one year under the fractional method. They admit it doesn't satisfy the other two methods, so we have no method satisfied on the plan formula. How does it not satisfy the fractional method? Because the proration method would prorate all the way up to age 65. The underlying argument here... I don't quite understand your answer to the first question that Judge Ambrose asked. Where is the cessation of accruals? And you wanted three minutes to explain where the cessation is. Now, to help me out, I'd like you to start out by answering the question and then state why there was a cessation. Let's take an employee who's age 58, Your Honor. And he starts at what time? He started at age 25. Okay. He's no longer covered by the proration formula. For him, he gets credit for his first 20 years of service. He gets nothing until he turned age 57. Nothing at all? Nothing at all. No increase in his pension until he turns age 57. I'm not sure of that either. Well, why didn't he get $30, a flat $30? He doesn't get the flat $30 until he reaches retirement age. That's the vice of the case. Exactly what this court noted in Bellis. What is the text that you're saying gives that result? The definition of excess years, Your Honor. But where do you find that statement in the paragraph? If you can, I don't want to rob your time, but if you can, you should have got that in there. I did not make the note. I can get it for you on rebuttal, Your Honor. It's the definition of excess years in the plan. But at age 58, the proration formula no longer applies to the man. Well, counsel, the way we were looking at it here, that if a person began work at the age of 28, and 27 years of service at age 55, he'd be accruing $31.24. And that there would never be a cessation. There may have been a change in the annual accrual, but cessation, I don't see it. Your Honor, when you take the booklet apart, it talks about two separate formulas. One of them clearly has a cessation. Once you're age 57, that proration no longer applies. And if you're going to shift formulas at age 57, that's the exact evasion that the IRS has prohibited. If you change the annual accrual. That's right. You don't get the fraction, but don't you then get a flat $30? But that's what's illegal, Your Honor. It's not an early retirement supplement. The only way you can not accrue that increase earlier or over his full lifespan, his full work life, is if it's an early retirement supplement. This is not a supplement. What we're saying, in order for it to fit into the fractional method, there has to be a fractional adjustment applied all the way up through the time he actually retires or is eligible to either retire or take early retirement. Even if there is a mechanism in place, which just seems to be here, where the person accrues a certain amount of income based upon years of age and years of service up to point X, and then continues to accrue a benefit at a certain amount here at $30. Why couldn't you look at $30 as a fraction? Because it can't jump. That's the backloading vice. We're putting the bulk of his benefit in his later years. If you go to the Revenue Ruling 78-252. Let's just make sure we keep them separate. That's your second argument about backloading. Where is there, from age 45 to 57 in my example, a cessation of benefits accruing? There isn't under the second formula, the proration formula. There is not. The problem is that is not by itself. That is not qualifying. That one has the reduce by itself. That one separately reduces benefits after age 57. It reduces accruals. There's a reduction based upon years of service, which is all right. It's not based on years of service, Your Honor, because it's conditioned on age. Going to a flat $30 per year is conditioned on age. If it was age 20, if it was on the 21st year, that would be fine. It's not. My time has expired. I apologize. Okay. Anything else? At this point, no. Is there anything else? No, I do not. Okay. You'll come back and rebuttal. May it please the court. My name is Charles Wolfe, and I represent the defendant at Pele's. Your Honor, this case concerns the terms of a collectively bargained defined benefit pension plan, which covered bargaining unit employees represented by Teamsters Local 169. Why is the CPRAC wrong with what he just said about there being a cessation? Where in your plan is there language or the operation of a formula which shows that he's wrong and what he's saying about a cessation after a certain age or term of service? In other words, in our example, starting at age 25, is there a cessation of benefits occurring between ages 45 and 57? There is no cessation under this plan at any time. Let me direct your honors, first of all, to some examples of how this works in the case of an individual employee year by year. There are some at pages 28 and 29 of our brief. And in the joint appendix, pages 245 to 249. And those are examples that show that an employee accrues additional benefits each and every year of employment. So under the plan's formula, and there is only one formula. It is a bit complex. It has different steps to it. But there is only one formula in this plan. And under that formula, each and every employee accrues additional benefits each and every year of participation. And if your honor would like the sites to the plan document that show that, they are the ones that are cited in our brief at pages 5 through 7. I believe I can further explain the different steps to the calculation. You've laid that out pretty carefully in your brief and in your examples. As I interpret what Mr. Sieprecht is saying, he is saying that because your formula is set up, your plan is set up in such a way that after a certain point X, the amount of accrual that is being earned is no longer a formula but a flat fee. He is saying that does not fit the definition of a fractional plan. I'm not sure where that is coming from, but what is your response to that? Let me know if I'm misstating your argument, but I think he's saying there has to be a fractional adjustment throughout the entire life. First of all, there is no authority for the argument that Mr. Sieprecht is making, which, as I understand it, and I think your Honor does understand his argument, there is no authority to support it. What you have to do under this fractional method is you have got to lay out what a person accrues each and every year of service, and then you apply the, ERISA's fractional rule gives you a minimum amount that you have to meet in each and every year. We've demonstrated that we do need it. We pay that amount or more each and every year. Now, it is true that under the formula of this plan, the probation stops once someone attains special early retirement age, but that is a good thing for the employee, not a bad thing. It seems so because $30 is not being reduced down by anything. Correct, and therefore the plan continues to meet the minimum requirements of the fractional rule. There is nothing in ERISA that would require us to continue to prorate, and, in fact, it would be adverse to the interests of these employees. In fact, ERISA would permit us to have a form that would or would not. ERISA would permit us to have a formula that caps benefits at $916 per month, which is the special early retirement amount. ERISA does not require us to permit any additional benefit accruals after that, but we do, so we pay more than we are required to under ERISA. Now, undoubtedly, it is a fact that we still must meet the fractional rule for whatever our formula is, even if it's a generous formula. It still must meet the fractional rule, but it does. That's a mathematical test we've demonstrated, and I think Judge Greenaway explained it very well and understood it very well. We've demonstrated that we always meet the fractional accrual test. Let me just switch gears a little bit. In terms of the backloading issue, page 33, and maybe I don't understand this, maybe you can help me with this, but you have a paragraph there which reads in part, it is true that an employee who works 10 years from age 20 to age 30 will accrue a smaller age 65 benefit under the plan than someone who works 10 years from age 50 to age 60. If that's true, then why isn't that backloading? You seem to be saying in your brief that if someone works 10 years starting when they're 20 years old, they will earn a smaller accrual than if someone works 10 years starting when they're 50 years old, and it seems to me that that's almost the definition of backloading, isn't it? No, Your Honor, it's not. Why isn't it? The backloading rules, especially let's take the fractional rule, which is really the one that we're seeking to comply with, that rule looks at each employee and it sets the minimum amount that the person must accrue in each year of employment so that the plan does not backload his benefit by stuffing more at the end. More at the end, exactly. But in your brief, aren't you saying that if someone starts working at 20 and works for 10 years, less is being stuffed in the end of that person's pension than someone who starts working at the age of 50 and then works for 10 years? You say it in your brief that the person who works for 10 years starting at age 20, according to you, will accrue a smaller age 65 benefit than someone who works 10 years from age 50 to age 60. I must be missing something. It sounds like what you're saying, from what I see later on in that page, is that this isn't backloading, but you're saying it's permissible backloading in connection with the fractional formula. Is that your argument, that it's legal backloading under the formula? No, we're saying it is not backloading. It is not. It meets the fractional test. The fractional test does not require that each employee… Well, it's two different things. For the layperson, backloading is that you get more at the end than you would have accrued at the beginning. Well, what we're talking about here is the comparison of two employees, two different employees who start at different ages. By definition, more means you're comparing two different kinds. And with respect to those two employees, there is no backloading with respect to either one. The fractional rule does not require that every person accrue at the same rate, regardless of what age they were when they started in the plan. There's nothing there that says that. But if someone accrues at a greater rate if they're older when they start, then that same employee would have accrued had he or she started 20 years earlier. Isn't that the definition of backloading? You're stuffing more into the end. The backloading rules attempt to prevent you from stuffing more at the end of the person's career. But it doesn't require that you treat everyone as if they had the same career, as if they started at the same age. You're saying that the way you're reading backloading, then, is you can have two employees. One older person might be getting more at the end of her career. And that's your paragraph at page 33. But as long as two employees, one younger and one older, are not being treated in a disparate manner, i.e., one person who is older getting more because of the fact that they're older than the younger person is getting, you're saying that's not backloading. That's okay under ERISA. That is correct. And also, Your Honor, I would add this point concerning this fat situation. It is true that the annual accrual is larger for someone who starts work at an older age, so that if you want to judge things by the amount of the annual accrual, the older employee is better off. That's my question. And Mr. Seabrook has argued, among other things, that that constitutes age discrimination. Not true. There is no such thing as reverse age discrimination. You are allowed to create a formula that pays relatively higher benefit accruals to people who are older. Now, if you do that, you still have to meet the backloading rules, which are designed to protect people earlier in their careers. So you still have to meet that mathematical test, which does protect relatively younger employees to some extent. But we meet that. That's a mathematical test. We meet it for each person. And the fact that we don't accrue at the same dollar amount for each person, regardless of what age they were at time of hire, that has no impact. That is irrelevant to whether we meet this mathematical fractional accrual rule. And he has no authority to the contrary. Just to go off on a different area, for the first 20 years, it's what, $45.80 accrual? Is that correct, if you start at age 25? Yes. Well, that's the nominal rate. $45.80 is the first part of the formula. And then after 20 years, it goes down to 30 for the next 10? After special early retirement age, the second part is you accrue at 30 after special early retirement age, not necessarily after 20 years. Okay. So in my example that I gave your opponent, let's say a person starts at age 25. He goes to age 45. He's accruing $45.80 per year. What does he accrue from 45 to 57? He's not accruing $45.80 per year. No. What does he accrue from 45 to 57? In other words, for the next 12 years before he gets special early retirement age? For someone who started at age 25, I can give you the long version of that, or I can set you to an example that's close to that in the brief. In other words, for the first 20 years, he gets $45.80. What does he get for the 12 years, in my example, from 45 to 57? He does not get $45.80 in the first 20 years. What does he get? What he gets is an amount that's determined as follows. First you project the amount that he would have at age 65 if he continued to work, and that is based on $45.80 for the first 20 years and $30 for those years that are beyond his special early retirement age. And then you prolate it. You prolate it by the fraction. So the result of that is going to be for someone who started at 25. So I have 45 over 80 times 20 plus 30 over the years greater than 20 after the special early retirement date until 65 times the years of actual service over the years of projected service. Is that correct? I hope so. I'm not positive. I mean, it's a math question, and I'm not positive I heard it all. What I'm trying to get is the math answer for 45 to 57. I got the formula, but what does that give you roughly? Actually, on page 8 of our brief, we show this example, a participant who started at age 25. That was your example. I'm glad to say I have it right here on page 8 of the brief. And it shows that it shows the answer there. It shows that. This is footnote 5? Well, it starts in the text, for example. And then if you look at the top of page 9, we talk about the participant who starts at age 25 will have an accrued age 65 monthly benefit of $30.40 after one year of service. So that's the math answer that I was saying in formula form earlier. He accrues $30.40 per year for the first portion of his career. And then once he attains special early retirement age, which in the case of somebody who started at age 25. In the special? Concur at age 57. The special early retirement age is just the early retirement age, the same thing. I don't know why you call it special early retirement. Are there two kinds of early retirement? In effect, yes. Because someone who does not qualify for special early retirement still can get a benefit prior to age 65, but it's based on the… It's reduced. Yes. And, Judge, I'm glad to say, if you look at page 28 of our brief, too, that is an illustration of a participant who is hired at age 25. And you can see how the amount he accrues each year starts out with $30.40. Then when he has 30 years of service, it's $9.16. That's when he's qualified for special early retirement. Then it goes up. Well, technically, he's two years short, right? Because he's only 55. But he has 30 years. You can get special early retirement at age 57 with 20 or after 30. So in his case, he has 30 at age 55. So back to my question. If you put in, let's say, 30 years at 25, you retire at 55, do you get a pension at 65? Do you not? Yes. And so the pension you say you would get at 65 would be $916? Yes. Rather than the 608. Because 608 would be if you stepped down at 45, and you'd have to wait until you're 65 to get that, correct? Well, 608 would be after 20 years. No. In other words, if he left at 45, you'd get 608. Yes. If he started at 25. If he left at 55, he would get $916 if he'd have to wait 10 years, but he would get $916 once he had 65. You'd have to work 10 years more. You'd have to work 30 years. Understood. Yes. The same starts at 25, he works 30 years until 55. Right. It would go up from 608 to 916. So if he steps down, he retires from your company at 55, he doesn't get the pension until 65, but he does get the 916, does he not? Yes. Okay. I see my time is up, Your Honor. It turns out. Is there anything else? No, I have no questions. Okay, Mr. Wolfson. Thank you, Your Honor. Your Honor, just briefly, first, the definition of excess years is in section plan, is in sections 1.34 and 1.27 of the plan document. The sites are on page 12 of our brief. Judge Ambrose, the advice in this case is that the Novartis plan is not paying my clients what you just asked. In the example you gave, if the man leaves at age 55, he hasn't his, I guess it works because he's exactly 30, he's now at his special early retirement date. He has 29 years and leaves at age 55. He doesn't get $916. He gets $770 at age 65. If he wants to take early retirement, that 770 is then reduced further for early retirement. And Judge McKee, to answer your question, special early is what they call unreduced benefits. So if he had the 30 years, he would get the 916. If he doesn't have, if he doesn't reach that special early retirement date, it's actuarially reduced from age 65. So instead of giving the 770, he's accrued under this formula. It says on page 28 of their brief that after 29 years of service, to give my example, so your point was if a person steps down at age 54, he only gets what he was to have gotten at age 50. 29 years here says 881.60. If he stays until age 65. Well, the way I understood it is if he retires, once he reaches age 65, in my example, 11 years later, he will get the 881.60. Is that correct? At age 65 instead of getting $916 at age 57. Right. His benefit at age 56 is then like $400 because it's actuarially reduced on top of it. It seems like what you have, remember, your claim is based on age. And it looks as if what they're doing here, for which, albeit there's no reasoning, they have a favorable IRS letter, it looks as if it's based on years of service. It's not, Your Honor. Let me give you two examples first. Take Revenue Ruling 78-252 that's in our brief, which involved a plan that stopped an offset of benefits after 25 years of service. The IRS held that did not satisfy the fractional method. That is on point. That is what this plan does. It stops the proration at age 57. The Helms case dealt with the identical thing, an identical issue. You've got a higher pension formula once you hit early retirement age. But the Helms case, wasn't the case decided under the fractional rule? That was under the 133 in the third rule. Right. But the IRS ruling deals with the fractional and holds that it doesn't satisfy any of the three methods. When we go back, the difficulty with fitting the square peg in the round hole here is in the statute. It says, number one, going back to your original question, Judge Ambrose, that you must assume that all factors and compensation remain constant. Do you apply the fractional method? We can't have this projected benefit that drops years 20 to early retirement age. That doesn't work under the fractional method. Everything has to be projected. Everything has to be projected.